IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**CYNTHIA THOMPSON,**                               10-CV-1042-BR

       **Plaintiff,**

                                               **OPINION AND ORDER**

**v.**

**LVNV FUNDING, LLC, and**
**DERRICK E. McGAVIC, P.C.,**

       **Defendants.**


**JOSHUA R. TRIGSTED**
Trigsted Law Group, P.C.
5200 S.W. Meadows Rd
Suite 150
Lake Oswego, OR 97035
(888) 595-9111, Ext. 216

       Attorneys for Plaintiff

**DAVID A. JACOBS**
Luvaas Cobb Richards & Fraser, P.C.
777 High Street
Suite 300
Eugene, OR 97401
(541)484-9292

       Attorneys for Defendant Derrick E. McGavic, P.C.

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#12) for Award of Attorney Fees and Plaintiff's Bill of Costs (#15).  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Attorney Fees and awards attorneys' fees to Plaintiff in the amount of **$2,530.00**.  The Court also awards costs to Plaintiff in the amount of **$350.00**.

### BACKGROUND

On May 28, 2010, Joshua Trigstad, counsel for Plaintiff Cynthia Thompson, advised David Jacobs, counsel for Defendant Derrick E. McGavic, P.C., that Defendant McGavic violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692a, *et seq.,* when it sought to collect a debt from Plaintiff.  Plaintiff directed McGavic to cease collection activities until McGavic verified the debt.  Plaintiff also advised McGavic that she would settle the matter for "$3,500.00, inclusive of fees and costs." Aff. of David Jacobs, Ex. 2 at 2.

In August 2010, Jacobs contacted Trigstad in an effort to settle Plaintiff's claim.  The parties engaged in several settlement discussions via email throughout August, but they were unable to reach an agreement.

On September 2, 2010, Plaintiff filed an action in this Court against LVNV Funding, LLC, and Derrick E. McGavic, P.C.,

2 - OPINION AND ORDER

alleging Defendants violated § 1693e(1) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692a, *et seq.*

On October 6, 2010, Plaintiff filed an Acceptance of Defendant Derrick E. McGavic, P.C. Offer of Judgment in which Plaintiff advised the Court she had accepted the offer pursuant to Federal Rule of Civil Procedure 68 for $1,001 "together with plaintiff's reasonable attorney fees and recoverable costs incurred [through September 30, 2010]."

On October 11, 2010, the parties filed a Joint Stipulation to Dismiss Case, With Prejudice, Against Defendant LVNV Funding, LLC Only in which Plaintiff and McGavic stipulated to dismiss LVNV Funding.

Based on the Acceptance of Judgment and the Joint Stipulation, on November 10, 2010, the Court entered a Judgment in this matter

> in favor of the Plaintiff against Defendant Derrick E. McGavic, P.C. for the sum of $1,001.00, together with plaintiffs reasonable attorney fees for Plaintiff and recoverable costs incurred to the date of Defendant's offer of judgment, in an amount to be mutually agreed to by the parties, but if unable to agree, to be determined by the court.

On November 23, 2010, Plaintiff filed a Motion for Award of Attorney Fees and a Bill of Costs.

### **PLAINTIFF'S MOTION (#12) FOR AWARD OF ATTORNEY FEES**

Plaintiff seeks $3,123 in attorneys' fees.

3 - OPINION AND ORDER

**I.   Plaintiff is entitled to reasonable attorneys' fees.**

The FDCPA provides in pertinent part:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–
>
> * * *
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.  On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).  The Ninth Circuit has made clear "[t]he FDCPA's statutory language makes an award of fees mandatory [because] congress chose a 'private attorney general' approach to assume enforcement of the FDCPA."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)(quotations omitted).

In addition, pursuant to the Offer of Judgment, Defendant McGavic agreed to pay Plaintiff's reasonable attorneys' fees and costs.  Accordingly, the Court concludes Plaintiff is entitled to her reasonable attorneys' fees and costs in this matter.

**II.  Plaintiff is entitled to attorneys' fees in the amount of $2,375.00.**

  **A.   Standards**

The Supreme Court recently reiterated under federal fee-shifting statutes such as the FDCPA that "the lodestar

4 - OPINION AND ORDER

approach" is "the guiding light" in determining a reasonable fee. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1671-73 (2010)(internal quotation omitted). Under the lodestar method, the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 1669. The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Retirement Income Plan For Hourly-rated Employees Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

      To determine the lodestar amount, the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment

5 - OPINION AND ORDER

>     by the attorney due to acceptance of the case;
>     (5) the customary fee; (6) whether the fee is
>     fixed or contingent; (7) any time limitations
>     imposed by the client or the circumstances;(8) the
>     amount involved and the results obtained; (9) the
>     experience, reputation, and ability of the
>     attorneys; (10) the undesirability of the case;
>     (11) the nature and length of the professional
>     relationship with the client; and (12) awards in
>     similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted).  A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

   The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'"  *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)).  "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation."  *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

### B. Analysis

McGavic asserts Plaintiff is not entitled to any fees incurred after September 30, 2010, and objects to (1) Trigstad's hourly rates, (2) paralegal and legal-assistant hours, and (3) the time allegedly spent to prosecute this matter.

#### 1. Fees incurred after September 30, 2010.

As noted, McGavic contends Plaintiff is not entitled to any fees incurred after September 30, 2010, on the ground that the Offer of Judgment accepted by Plaintiff on September 30, 2010, provides for "plaintiff's reasonable attorney fees and recoverable costs incurred to the date of this offer." The Court agrees. Plaintiff accepted the Offer of Judgment that provided for fees incurred by Plaintiff only through September 30, 2010, the date of the offer. Accordingly, the Court, in the exercise of its discretion, declines to award attorneys' fees to Plaintiff for the one hour of Trigstad's time incurred after September 30, 2010.

#### 2. Hourly rates for Plaintiff's counsel.

Trigstad requests fees at an hourly rate of $250. McGavic contends this rate is unreasonably high and asserts the Court should award fees to Plaintiff at an hourly rate no higher than $175.

To determine the reasonable hourly rate, this Court uses the most recent Oregon State Bar Economic Survey

7 - OPINION AND ORDER

published in 2007 as its initial benchmark.  Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

To support his request for a rate of $250 per hour, Trigstad relies on the "Laffey Matrix," which Plaintiff represents sets out hourly rates for the Civil Division of the United States Attorney's Office for the District of Columbia.  Plaintiff, however, does not establish how the Laffey Matrix relates to attorneys practicing in the District of Oregon or to attorneys in private practice.  Plaintiff also relies on the declarations of attorneys practicing in Arizona and Illinois.  These attorneys, however, do not testify they are familiar with the practice of law in Oregon or with the billing rates of Oregon attorneys.  In addition, the Court notes the matter here involved a straightforward claim for violation of the FDCPA that Defendant offered to settle before Plaintiff filed the action.  Extensive or even moderate litigation of the matter was not required or necessary.

On this record, the Court concludes there is not any justification to award a greater hourly rate than the benchmark set by the 2007 Oregon State Bar Economic Survey adjusted for the three years between publication of the 2007 Oregon State Bar Economic Survey and the resolution of this litigation.  To accomplish such an adjustment, therefore, the

8 - OPINION AND ORDER

Court adds annual inflation factors based on the Consumer Price Index of 3.85% for 2008, -0.34% for 2009, and 1.64% for 2010 to the appropriate Oregon State Bar Survey hourly rate.

Trigstad had four years of experience during the course of this matter.  According to the 2007 Oregon Bar Economic Survey, the median rate for attorneys in the Tri-County area with this level of experience was $175 in 2007.  The Court, therefore, concludes a reasonable rate for the services of Trigstad adjusted for inflation as noted above is $178 per hour.

    **3.**    **Paralegal and legal-assistant hours**.

Plaintiff requests 2.5 hours of paralegal time at $120 per hour and .6 hours of legal-assistant time at $80 per hour.  Plaintiff, however, did not provide any information regarding the reasonable hourly rates for paralegals or legal assistants in the Tri-County area where these individuals worked.  In addition, Plaintiff did not provide any information as to the experience of the legal assistants.  Accordingly, the Court reduces to $50 per hour, a minimal rate the Court can support on this scant record, the rate at which fees may be awarded for Terri Parish, Steve Perez, or Gloria Ramirez for a total of $155.00 in paralegal and legal-assistant fees.

    **4.**    **Duplicative entries and entries that lack specificity**

McGavic points to a number of entries in the billing records that include work that is duplicative or that

9 - OPINION AND ORDER

lack sufficient specificity for the Court to determine the work performed.  For example, on June 3 and June 21, 2010, block-billed time entries include confirming or researching "debt collector status via web, DB, PACER."  Pl. Mem. in Support of Mot., Ex. E at 4.  Similar block-billed entries for July 9 and July 21, 2010, include time to "install litigation precedent."  Pl. Mem. in Support of Mot., Ex. E at 3.  The Court declines to award Plaintiff .6 hours of attorney time for these duplicative or unspecific entries.

In summary, the Court awards attorneys' fees to Plaintiff in the amount of **$2,530.00**


### PLAINTIFF'S BILL OF COSTS (#15)

Plaintiff requests costs in the amount of $425.00 comprised of the fee to file this action and to serve the summons and Complaint.

**I.   Standards**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

10 - OPINION AND ORDER

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

## II. Analysis

McGavic objects to Plaintiff's requested cost for service because Plaintiff did not request a waiver pursuant to Federal Rule of Civil Procedure 4(d) and defense counsel informed Trigstad that he could likely arrange to accept service and

11 - OPINION AND ORDER

McGavic would have waived service if asked.

On this record, the Court, in the exercise of its discretion, declines to award Plaintiff $75 for the cost of service. *See, e.g., Royal Travel, Inc. v. Shell Mgmt. Haw., Inc.*, No. 08-00314 JMS-LEK, 2010 WL 167954, at *3-4 (D. Haw. Jan. 15, 2010)(The court declined to award the plaintiff the cost of service because the plaintiff failed to establish that the defendant refused a request to waive service under Federal Rule of Civil Procedure 4(d).).

Accordingly, the Court awards costs to Plaintiff in the amount of **$350.00.**

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#12) for Award of Attorney Fees and Plaintiff's Bill of Costs (#15) and **AWARDS** attorneys' fees to Plaintiff in the amount of **$2,530.00** and costs in the amount of **$350.00**.

IT IS SO ORDERED.

DATED this 8th day of March, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District

12 - OPINION AND ORDER